# Exhibit A

## RELEASE AND SETTLEMENT AGREEMENT

This RELEASE AND SETTLEMENT AGREEMENT (the "Agreement") is made and entered into by and between JEMEAL MATTHEWS, an individual, on behalf of himself, his spouse, agents, representatives, assigns, heirs, executors, administrators, beneficiaries, and trustees ("MATTHEWS"), and PREMIER BEVERAGE COMPANY, LLC ("PREMIER BEVERAGE") (collectively the "PARTIES").

WHEREAS, MATTHEWS filed a lawsuit against PREMIER BEVERAGE titled <u>Jemeal Matthews v. Premier Beverage Company, LLC d/b/a Breakthru Beverage Florida</u>, in the United States District Court for the Middle District of Florida, Tampa Division, Case Number 8:18-cv-2143-T-35CPT (the "Lawsuit");

WHEREAS, in the Lawsuit, MATTHEWS asserts claims under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA") alleging that PREMIER BEVERAGE denied him proper overtime compensation and minimum wages under the FLSA; and

WHEREAS, PREMIER BEVERAGE denies all of MATTHEWS' allegations and claims in the Lawsuit; however, to avoid protracted litigation and the associated legal costs and expenses, the PARTIES desire to resolve the claims MATTHEWS has brought against PREMIER BEVERAGE in the Lawsuit.

NOW, THEREFORE, in consideration of the mutual covenants and promises each party has made to the other as set forth in this Agreement, MATTHEWS and PREMIER BEVERAGE agree as follows:

**1.     Dismissal Of The Lawsuit.** The PARTIES agree to immediately seek an Order approving the terms of this Agreement and dismissing with prejudice the Lawsuit by filing a joint motion for approval of settlement and dismissal of the lawsuit with the United States District Court for the Middle District of Florida, Tampa Division.

**2.     Specific Waiver And Release Of All Claims By MATTHEWS.** In exchange for the consideration described in Paragraph 7, MATTHEWS fully and completely waives, releases, and forever discharges PREMIER BEVERAGE and its predecessors, successors, all former, current, and future related organizations, companies, divisions, subsidiaries, affiliates, and parents, and collectively, their respective former, current, and future directors, officers, employees, agents, representatives, shareholders, attorneys, fiduciaries, insurers, assigns, heirs, executors, administrators, beneficiaries, and trustees (collectively the "PREMIER BEVERAGE RELEASED PARTIES"), from any and all claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever, asserted in or that could have been asserted against any of the PREMIER BEVERAGE RELEASED PARTIES in the Lawsuit.

**3.     General Waiver and Release by MATTHEWS.** In exchange for the payment set forth in Paragraph 7, and other good and valuable consideration, the receipt and sufficiency of

which is hereby acknowledged, MATTHEWS also fully and completely waives, releases, and forever discharges the PREMIER BEVERAGE RELEASED PARTIES from any and all claims, charges, complaints, actions, causes of action, lawsuits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever that MATTHEWS may have against any or all of the PREMIER BEVERAGE RELEASED PARTIES arising out of his employment with PREMIER BEVERAGE, the termination of his employment with PREMIER BEVERAGE, and/or any other fact, condition, circumstance, or occurrence whatsoever up to and including the effective date of this Agreement, whether known or unknown, suspected, or concealed, and whether presently asserted or otherwise, including, but not limited to, all claims that any or all of the PREMIER BEVERAGE RELEASED PARTIES:

(a) failed to provide MATTHEWS with any minimum wage or overtime compensation, retaliated against him, or in any other way violated the FLSA, the Florida Wage Payment Laws, Fla. Stat. §§ 222.15, 532.01 et seq., the Florida Minimum Wage Act, Fla. Stat. § 448.110, or any other applicable local or state law;

(b) violated public policy or common law (including, but not limited to, claims for breach of contract; unjust enrichment; conversion; intentional or tortious interference with contract or business relations; misrepresentation; fraud; promissory estoppel; detrimental reliance; wrongful termination; retaliatory discharge; assault; battery; false imprisonment; personal injury; defamation; libel; slander; invasion of privacy; negligence; negligent hiring, retention, or supervision; intentional or negligent infliction of emotional distress and/or mental anguish; conspiracy; or loss of consortium);

(c) violated PREMIER BEVERAGE's personnel policies, procedures, or handbooks, any covenant of good faith and fair dealing, or any purported contract of employment, express or implied, between MATTHEWS and PREMIER BEVERAGE;

(d) engaged in false or fraudulent acts against the United States Government, retaliated against MATTHEWS, or otherwise violated the False Claims Act, 31 U.S.C. § 3729 et seq.;

(e) failed to provide MATTHEWS with any benefits pursuant to the terms of any employee benefit plan maintained, administered, sponsored, funded, and/or paid, in whole or in part, by PREMIER BEVERAGE, violated the terms of any such employee benefit plan, breached any fiduciary obligation with respect to such plan, or discriminated against MATTHEWS for the purpose of preventing him from obtaining benefits pursuant to the terms of any such plan,

or in any way violated any provision of the Employee Retirement Income Security Act, as amended, 29 U.S.C. § 1001 *et seq.*; or

(f) retaliated against or discriminated against MATTHEWS on the basis of race, color, national origin, citizenship, ancestry, sex (including sexual harassment), sexual orientation, religion, disability, handicap, genetics, leave status, marital status, parental status, veteran status, source of income, union activity, whistle-blower activity, or any other basis in violation of any applicable city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, or otherwise violated any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, including, but not limited to: the Florida Civil Rights Act of 1992, Fla. Stat. Ann. § 760.01 et seq.; the Florida Whistle-blower Act, Fla. Stat. Ann. § 448.101 et seq.; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.; the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq.; the Equal Pay Act, 29 U.S.C. § 206(d); the National Labor Relations Act, as amended, 29 U.S.C. § 151 et seq. the Sarbanes-Oxley Act of 2002, as amended, 18 U.S.C. § 1514A.

4. **Covenant Not To Sue.** MATTHEWS also agrees not to sue any or all of the PREMIER BEVERAGE RELEASED PARTIES in any forum for any claim covered by the waivers and releases in Paragraphs 2-3. MATTHEWS also agrees not to participate in any class or collective action against any or all of the PREMIER BEVERAGE RELEASED PARTIES for any claim covered by the waivers and releases in Paragraphs 2-3 and that he will elect to opt out of any lawsuit or action against any of the PREMIER BEVERAGE RELEASED PARTIES pertaining to any claim covered by the waivers and releases in Paragraphs 2-3, of which he is involuntarily made a member or participant. If MATTHEWS violates this Agreement by suing the PREMIER BEVERAGE RELEASED PARTIES, MATTHEWS shall be liable to the PREMIER BEVERAGE RELEASED PARTIES that are parties to the lawsuit for their reasonable attorneys' fees and other litigation costs incurred in defending against such lawsuit. Alternatively, if MATTHEWS sues the PREMIER BEVERAGE RELEASED PARTIES, MATTHEWS may be required, at PREMIER BEVERAGE's option, to return all but One Hundred Dollars and No Cents ($100.00) of the consideration paid to him pursuant to this Agreement.

5. **Rights And Claims Excluded From Waivers And Releases.** This Agreement does not waive any rights that cannot be waived by law, including MATTHEWS' right to file a charge of discrimination with an administrative agency (such as the United States Equal Employment Opportunity Commission ("EEOC")) and his right to participate in any agency investigation or proceeding. MATTHEWS is waiving, however, any right to recover money in connection with any agency charge or investigation, except for money properly awarded by the Securities and Exchange Commission ("SEC"). MATTHEWS is also waiving any right to recover money in connection with a charge filed by any other individual, by the EEOC, or by any other city, local, state, or federal government agency, except for money properly awarded by the SEC, or a civil action for false claims brought by EMPLOYEE and/or the United States government.

6. **Non-Admission Of Liability.** MATTHEWS also agrees that PREMIER BEVERAGE does not admit any allegations made against it in any claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, or demands, including the Lawsuit. MATTHEWS also agrees that nothing contained in this Agreement, nor any of the acts taken thereunder, shall be deemed or construed as an admission of liability or of a violation of any applicable law, statute, ordinance, order, regulation, or constitution of any kind.

7. **Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by MATTHEWS in this Agreement, PREMIER BEVERAGE agrees to pay MATTHEWS the gross settlement sum of Five Thousand Dollars and Zero Cents ($5,000.00) within fourteen (14) days after MATTHEWS and MATTHEWS' lawyers, Wenzel Fenton Cabassa, P.A., complete, execute, and submit Form W-9s to PREMIER BEVERAGE and the Court approves the settlement and dismissed the Lawsuit, as follows:

(a) The sum of Three Thousand Dollars and No Cents ($3,000.00) made payable to MATTHEWS as payment for MATTHEWS' alleged unpaid wages. Applicable statutory deductions, including federal income taxes and Social Security taxes, shall be withheld by PREMIER BEVERAGE from this sum. PREMIER BEVERAGE shall issue a Form W-2 to MATTHEWS in connection with this payment; and

(b) The sum of Two Thousand Dollars and Zero Cents ($2,000.00) as payment for MATTHEWS' attorneys' fees and expenses, made payable to Wenzel Fenton Cabassa, P.A. PREMIER BEVERAGE will issue Form 1099s to MATTHEWS and Wenzel Fenton Cabassa, P.A. in connection with this payment.

8. **Employment Relationship Between MATTHEWS And PREMIER BEVERAGE.** MATTHEWS also agrees to relinquish any and all rights to reemployment or reinstatement with PREMIER BEVERAGE and to never seek or apply for rehire or employment in any capacity or position with PREMIER BEVERAGE and its current and future related organizations, companies, divisions, subsidiaries, affiliates, and parents, either directly, through a temporary agency, or by any other method.

9. **Other Agreements By MATTHEWS.** MATTHEWS also agrees that:

(a) he is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance. MATTHEWS has not been coerced, threatened, or intimidated into signing this Agreement;

(b) he has been advised to consult with, and has in fact consulted with, his lawyers prior to signing this Agreement;

(c) he has been given a reasonable period of time to consider the Agreement;

(d) he is not entitled to any consideration from PREMIER BEVERAGE other than the consideration described in Paragraph 7;

(e) he has not suffered any on-the-job injury for which he has not already filed a workers' compensation claim; and

(f) he is waiving his right to participate in any class or collective action against PREMIER BEVERAGE RELEASED PARTIES regarding any of the claims covered by the waivers and releases in Paragraphs 2-3.

**10. Entire Agreement.** This Agreement sets forth the entire agreement between MATTHEWS and PREMIER BEVERAGE regarding their settlement of the Lawsuit, and supersedes any other written or oral statements, representations, communications, understandings, and agreements in this respect. No amendment or modification of the terms of this Agreement shall be binding on the PARTIES unless reduced to writing and signed by MATTHEWS and PREMIER BEVERAGE.

**11. Severability.** MATTHEWS and PREMIER BEVERAGE agree that if any phrase, clause, or provision of this Agreement is declared to be illegal, invalid, or unenforceable by a court of competent jurisdiction, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect. If any phrase, clause, or provision in this Agreement is deemed to be unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds. If any waiver, release, or covenant not to sue set forth in Paragraphs 2-4 is deemed to be illegal, invalid, or unenforceable in whole or in part, PREMIER BEVERAGE's obligations under this Agreement shall be nullified.

**12. Counterparts.** This Agreement may be executed in counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the parties to all of the counterparts had signed the same instrument. E-mailed or faxed copies of handwritten signatures shall be considered the equivalent of an original signature.

**13. Applicable Law.** This Agreement shall be interpreted under and governed by the laws of the State of Florida without regard to its conflict of law provisions.

| *Jemeal Matthews* | *[signature]* |
|---|---|
| JEMEAL MATTHEWS | PREMIER BEVERAGE COMPANY, LLC |
| Date: 10/24/2018 | Vice President Human Resources |
| | Title |
| | Date: 11-08-2018 |

State of VA   County of Richmond
Subscribed and sworn before me on 11-08-2018
                                    (Date)
_Brian Tyree Burchett_
(Notary Signature)



BRIAN TYREE BURCHETT
COMMONWEALTH OF VIRGINIA
NOTARY PUBLIC
REG. NO. 7667373   EXP. 07-31-2019